UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GERVON DEXTER, SR.

    Plaintiff,

vs.                                          CASE NO. 1:23-cv-00228-AW-HTC

BIG LEAGUE ADVANCE FUND II, LP,

    Defendant.

_____/

## **DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF DEFEDANT'S MOTION TO COMPEL ARBITRATION**

Defendant, Big League Advance Fund II, LP ("Defendant"), by and through its undersigned counsel, and pursuant to Local Rule 7.1(I), hereby files this Motion for Leave to File a Reply Brief in Support of Defendant's Motion to Compel Arbitration ("Motion"), and in support thereof, states as follows:

1. As noted in Defendant's Motion to Compel Arbitration, Plaintiff's complaint in this matter did not identify the existence of the arbitration provision in the agreement that forms the basis of this litigation—let alone explain his position as to why the arbitration provision does not apply. As such, until Plaintiff filed his Memorandum in Opposition ("Opposition"), Defendant did not know what arguments it needed to address in its Motion. Defendant only learned Plaintiff's

arguments against arbitration when he filed the Opposition. Permitting a reply would allow Defendant to address the particular arguments Plaintiff is making, which Defendant could not have done before.

2.	To that end, Defendant believes that a reply brief would benefit the Court and save the Court time and resources by clarifying the issues in dispute, providing the Court with applicable case law and analysis regarding such issues, and addressing misstatements of law or fact in the Opposition.

3.	By way of example, Plaintiff in his Opposition presents his challenge as one to the arbitration provision's delegation clause because both parties agree that is the only challenge that this Court can entertain under binding Supreme Court precedent—when, in fact, he is really just challenging the arbitration provision itself which caselaw is clear is a matter delegated to the arbitrator. Similarly, the Opposition repeatedly characterizes the agreement's choice of law clause as part of the arbitration provision (*see, e.g.,* Opp'n at 20 ("The Arbitration Provision contains numerous limitations, including a choice of law clause[.]")), when the agreement shows that is not the case—the choice of law clause is part of the "Dispute Resolution" section of the agreement, which also includes the arbitration provision. Because the choice of law clause is not part of the arbitration provision, it is irrelevant to Defendant's motion to compel arbitration (although Plaintiff can certainly make this argument to the arbitrator). Defendant believes

allowing it to address these and similar issues will more fully aid the Court in its decision-making process and therefore be more efficient, particularly if the Court is not inclined to hold oral argument.

4. For the reasons set forth above, Defendant believes there are extraordinary circumstances that would support the filing of a reply in this case. *See* L.R. 7.1(I); *see also Grlpwr, LLC v. Rodriguez*, No. 3:23CV16480-TKW-HTC, 2023 WL 6509501, at *1 (N.D. Fla. July 27, 2023) (finding extraordinary circumstances existed under L.R. 7.1(I) when plaintiff's argument was not apparent from the complaint and "[t]hus, as a matter of fairness, Defendant will be given an opportunity to address that issue in a reply"). Accordingly, Defendant requests leave to file a reply of no more than 3,200 words in support of its Motion to Compel Arbitration.[1]

Dated: November 14, 2023

Respectfully submitted,
**ZWILLGEN PLLC**

By: \_\_/s/ Kelsey Harclerode_____
Kelsey Harclerode
Florida Bar No. 1048280
1900 M Street NW, Suite 250
Washington, DC 20036
kelsey@zwillgen.com

*Attorneys for Defendant*

---

[1] Defendant recognizes that the Court may still be examining the question of whether diversity jurisdiction exists based on Defendant's Corporate Disclosures. This request is made assuming this matter continues in this Court.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

In accordance with Local Rule 7.1(B) and (C), undersigned counsel hereby certifies that counsel for Defendant conferred with counsel for Plaintiff and that counsel for Plaintiff opposes the relief requested in this motion.

          /s/ Kelsey Harclerode
          Kelsey Harclerode

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), the undersigned hereby states that this memorandum contains 545 words as calculated by Microsoft Word, including headings, footnotes and quotation, but not including case caption, signature block and certificates.

          /s/ Kelsey Harclerode
          Kelsey Harclerode

**CERTIFICATE OF SERVICE**

I certify that on this 14th day of November 2023, a true and accurate copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notice of Electronic Filing.

  /s/ Kelsey Harclerode
Kelsey Harclerode (Florida Bar No. 1048280)

**SERVICE LIST**

Rhett Parker
Caleb W. Diaz
Nicholas C. Patti
PHELPS DUNBAR LLP
100 South Ashley Drive, Suite 2000
Tampa, Florida 33602
Telephone: 813 472 7550
Facsimile: 813 472 7570
Email: rhett.parker@phelps.com
Email: caleb.diaz@phelps.com
Email: nick.patti@phelps.com

*Attorneys for Plaintiff*